42 F.3d 1409
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The UNITED STATES, Petitioner,
v.
Dr. Ben BRANCH, Trustee of Bank of New England Corporation,
derivatively and on Behalf and in the name of
Maine National Bank, Respondents.
 No. 415.
 United States Court of Appeals, Federal Circuit.
 Nov. 18, 1994.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON PETITION FOR PERMISSION TO APPEAL
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 The United States petitions for permission to appeal the order certified for immediate appeal pursuant to 28 U.S.C. Sec. 1292(d)(2) by the Court of Federal Claims. The petition is unopposed.
 
 
 2
 On November 2, 1994, the Court of Federal Claims certified that its July 20, 1994 order was one involving a controlling question of law for which there was a substantial ground for difference of opinion, and that an immediate appeal could materially advance the ultimate determination of the litigation. The July 20 order involved the issue of whether the application of the cross-guarantee assessment provisions of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA) constituted a taking without compensation in violation of the Fifth Amendment.
 
 
 3
 Briefly, Maine National Bank was a financially healthy, solvent entity that was acquired in 1985 by Bank of New England Corporation, a bank holding company that owned a number of other subsidiary banks. In 1991, the Bank of New England failed and the Federal Deposit Insurance Corporation became its receiver. The FDIC served a notice of assessment of liability on Maine National Bank pursuant to the cross-guarantee provisions of FIRREA. Maine National Bank could not pay the amount of the assessment and the FDIC declared Maine National Bank insolvent and became its receiver. The dispute in the trial court centered on whether the FDIC's forced failure of Maine National Bank and seizure of its assets was a compensable taking.
 
 
 4
 The United States frames the controlling question of law as:
 
 
 5
 whether a FDIC cross guarantee assessment which results in the insolvency and closure of a federally-insured national bank, effects a taking of private property requiring payment of just compensation under the Fifth Amendment of the United States Constitution.
 
 
 6
 We note first that all of the affected parties, the trial court, the United States, and the banks, desire interlocutory review of this issue. Second, the district courts and circuit courts that have addressed related issues have decided their cases differently. Third, the constitutional issues are important ones that will affect other cases. In sum, we agree with the parties that the case is appropriate for interlocutory appeal.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 The United States' petition for permission to appeal is granted.